IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**ANTHONY STRONG**   **PETITIONER**

**v.**   **No. 1:19CV118-SA-DAS**

**WARDEN T.J. WATSON, ET AL.**   **RESPONDENTS**

**MEMORANDUM OPINION**

This matter comes before the court on the *pro se* petition of Anthony Strong for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has responded to the petition, and Mr. Strong has filed a Traverse. The matter is ripe for resolution. For the reasons set forth below, the instant petition for a writ of *habeas corpus* will be dismissed under the doctrine of procedural default.

*Habeas Corpus* **Relief Under 28 U.S.C. § 2254**

The writ of *habeas corpus*, a challenge to the legal authority under which a person may be detained, is ancient. Duker, The English Origins of the Writ of Habeas Corpus: A Peculiar Path to Fame, 53 N.Y.U.L.Rev. 983 (1978); Glass, Historical Aspects of Habeas Corpus, 9 St. John's L.Rev. 55 (1934). It is "perhaps the most important writ known to the constitutional law of England," *Secretary of State for Home Affairs v. O'Brien*, A.C. 603, 609 (1923), and it is equally significant in the United States. Article I, § 9, of the Constitution ensures that the right of the writ of *habeas corpus* shall not be suspended, except when, in the case of rebellion or invasion, public safety may require it. *Habeas Corpus*, 20 Fed. Prac. & Proc. Deskbook § 56. Its use by the federal courts was authorized in Section 14 of the Judiciary Act of 1789. *Habeas corpus* principles developed over time in both English and American common law have since been codified:

The statutory provisions on *habeas corpus* appear as sections 2241 to 2255 of the

> 1948 Judicial Code. The recodification of that year set out important procedural limitations and additional procedural changes were added in 1966. The scope of the writ, insofar as the statutory language is concerned, remained essentially the same, however, until 1996, when Congress enacted the Antiterrorism and Effective Death Penalty Act, placing severe restrictions on the issuance of the writ for state prisoners and setting out special, new *habeas corpus* procedures for capital cases. The changes made by the 1996 legislation are the end product of decades of debate about *habeas corpus*.

*Id*. Under 28 U.S.C. § 2254, a federal court may issue the writ when a person is held in violation of the *federal* Constitution or laws, permitting a federal court to order the discharge of any person held by a *state* in violation of the supreme law of the land. *Frank v. Mangum*, 237 U.S. 309, 311, 35 S. Ct. 582, 588, 59 L. Ed. 969 (1915).

**Facts and Procedural Posture**

Anthony Strong is in the custody of the Mississippi Department of Corrections (MDOC) and housed at the Federal Correctional Institution in Terre Haute, Indiana. He pled guilty to aggravated assault in the Circuit Court of Monroe County, Mississippi. *See* Exhibit A[1] (Plea Transcript). On June 23, 2017, Anthony Strong was sentenced to a term of twenty (20) years, with fifteen (15) years suspended, five (5) years to serve, and five (5) years post-release supervision upon release from custody. *See* Exhibit B.[2] The order further provided that the sentence imposed by the circuit court was to run "concurrent with [the] sentence previously imposed in federal criminal no. 1:16CR052-NBB-DAS. . . ." *Id.*

---

[1] The exhibits referenced in the instant memorandum opinion may be found attached to the State's Answer

[2] Strong was also indicted in Count II for the charge of felon in possession of a firearm (*see* Exhibit C); however, the plea transcript reflects that Count II was retired to the files in exchange for Strong's plea to the aggravated assault charge. *See* Exhibit A, p. 13; *see also* Exhibit D (Order Retiring Count to Files).

On April 25, 2018, Strong signed a "Motion for Amendment of Judgment," which was stamped as "filed" in the Monroe County Circuit Court on April 30, 2018. *See* Exhibit E. Further, on June 8, 2018, Strong signed a "Motion for Jail Credit to be Apply to State Sentence," which was stamped as "filed" in the Monroe County Circuit Court on June 18, 2018. *See* Exhibit F. On November 6, 2018, Strong signed a "Petition for *Habeas Corpus* Relief Due to a Defective Indictment," which was stamped as "filed" in the Monroe County Circuit Court on November 9, 2018. *See* Exhibit G. He filed an additional letter on November 29, 2018, discussing his *habeas corpus* petition (*see* Exhibit H), which was docketed in the Monroe County Circuit Court as a "*Pro Se* Petition." *See* Exhibit I. On February 6, 2019, he signed a "Motion for Jail Credit," which was stamped as "filed" on February 11, 2019. *See* Exhibit J.

The docket of the Monroe County Circuit Court in Cause No. CR2016-077 reflects that, in three separate Orders filed July 20, 2019, the circuit court ruled on Strong's outstanding motions and, in a fourth Order, granted Strong's application for leave to proceed *in forma pauperis*. *See* Exhibit I. The trial court found with regard to Strong's motion to review his sentence, that the motion was without merit based on confirmation to the trial judge from the MDOC's Central Records Department that Strong was "given credit for eighty-seven (87) days served before his plea." *See* Exhibit K.[3] The trial court also denied Strong's motion to amend the judgment, finding that the argument that he did not intend to

---

[3] Mr. Strong's MDOC Inmate Time Sheet supports the trial judge's finding that Strong was awarded 87 days of pretrial jail credit on his state sentence. *See* Exhibit L.

plead to five (5) mandatory years was without merit. *See* Exhibit M. In ruling on Strong's motion, the circuit court found that it lacked merit because:

> For aggravated assault, there is no minimum sentence; the maximum sentence is twenty (20) years in the custody of the Mississippi Department of Corrections, none of which is mandatory. During the Plea Hearing, the Petitioner admitted in open court, under oath, that he understood the State's recommendation and it was the same as his attorney had told him. The Court followed the State's recommendation and sentenced the Petitioner to twenty (20) years in the custody of the Mississippi Department of Corrections with fifteen (15) years suspended, leaving five (5) years to serve.

*See* Exhibit M. Finally, the trial judge denied Mr. Strong's "Petition for Writ of *Habeas Corpus* Relief." *See* Exhibit N. The trial court treated Strong's *habeas corpus* petition as a motion for post-conviction relief[4] and addressed Strong's allegations that the indictment charged the wrong statute and that counsel was ineffective "for allowing him to plead guilty to a non-existent offense." *Id.* In finding that Strong's claims lacked merit, the trial court found:

> Petitioner claims that the indictment charged the wrong statute. Petitioner explains that the shooting of the victim occurred because of reckless behavior, and not knowingly and purposeful conduct mentioned in the indictment; thus, the indictment for aggravated assault was defective. To the contrary, Miss. Code Ann. § 97-3-7(2) establishes aggravated assault with purposely, knowingly, or reckless conduct under the circumstances. The indictment followed Section 97-3-7(2); therefore, the indictment was sufficient. Moreover, the Petitioner pled guilty in open court, under oath, that he did in fact purposely, knowingly, feloniously assault[ ] the victim pursuant to Section 97-3-7(2). The Petitioner's argument with this issue is without merit. With the above result, the Petitioner's final argument for ineffective assistance of counsel is moot.

*Id.* The court's Order provided that a copy of the Order was to be mailed to Strong at his

---

[4] The docket of Strong's criminal action, attached to the State's Answer as Exhibit I, notes that his state *habeas corpus* petition, as well as the order denying relief, and the other orders entered post-conviction, were docketed in a separate civil action. Exhibit O is a copy of the docket of Monroe County Circuit Court Cause No. 2019-297, the post-conviction action where a copy of the documents in question were filed.

current address, and the docket confirms that a copy of the filed order was mailed to him. *Id*; *see also* Exhibit I. The dockets further reflect that Strong did not appeal the lower court's Order to the Mississippi Supreme Court (*id.*) under Mississippi Rule of Appellate Procedure 4, and the time for doing so has expired. *See* Miss. R. App. P. 4.

Strong also filed a separate "Petition for *Habeas Corpus* Relief Due to Defective Indictment" in the Mississippi Supreme Court on October 1, 2018. *See* Exhibit P. However, on November 2, 2018, the petition was dismissed without prejudice for want of jurisdiction, as such petitions must be filed in the trial court. *See* Exhibit Q (Miss. Supreme Court Cause No. 2018-M-01388).

Mr. Strong filed the instant Petition for Writ of *Habeas Corpus*, raising the following claims for relief (as stated by petitioner):

> **Ground One**: Petitioner has been denied access to the courts, which suspended the writ of *habeas corpus* in this proceeding Amendment.
>
> **Ground Two**: The State of Mississippi is in violation of the double jeopardy clause by not granting petitioner jail-time credits.

Doc. 1.

### The Doctrines of Procedural Default and Procedural Bar

As discussed below, Mr. Strong did not exhaust his state remedies as to any of the grounds for relief in the instant petition, and he can no longer do so. If an inmate seeking *habeas corpus* relief fails to exhaust an issue in state court – and no more avenues exist to do so – under the doctrine of *procedural default* that issue cannot be raised in a federal *habeas corpus* proceeding. *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995). Similarly, federal courts have no jurisdiction to review a *habeas corpus* claim "if the last state court to consider that claim

expressly relied on a state ground for denial of relief that is both independent of the merits of the federal claim and an adequate basis for the court's decision." *Roberts v. Thaler*, 681 F.3d 597, 604 (5th Cir. 2012). Thus, a federal court may not consider a *habeas corpus* claim when, "(1) a state court [has] declined to address [those] claims because the prisoner [has] failed to meet a state procedural requirement, and (2) the state judgment rests on independent and adequate state procedural grounds." *Maples v. Thomas*, ––– U.S. ––––, 132 S.Ct. 912, 922, 181 L.Ed.2d 807 (2012) (alterations in original) (internal quotation marks omitted). This doctrine is known as *procedural bar*.

A state procedural rule is "independent" when the state law ground for decision is not "interwoven with the federal law." *Michigan v. Long*, 463 U.S. 1032, 1040, 103 S. Ct. 3469, 77 L. Ed. 2d 1201 (1983). A state law ground is interwoven with federal law if "the state has made application of the procedural bar depend on an antecedent ruling on federal law [such as] the determination of whether federal constitutional error has been committed." *Ake v. Oklahoma*, 470 U.S. 68, 75, 105 S. Ct. 1087, 84 L. Ed. 2d 53 (1985); *see also* State court decision must not be interwoven with federal law, Federal Habeas Manual § 9B:24.

To determine the adequacy of the state procedural bar, this court must examine whether the state's highest court "has strictly or regularly applied it." *Stokes v. Anderson*, 123 F.3d 858, 860 (5th Cir. 1997) (*citing Lott v. Hargett*, 80 F.3d 161, 165 (5th Cir. 1996)). The petitioner, however, "bears the burden of showing that the state did not strictly or regularly follow a procedural bar around the time of his appeal" – and "must demonstrate that the state has failed to apply the procedural bar rule to claims identical or similar to those raised by the petitioner himself." *Id*.

## Cause and Prejudice – and Fundamental Miscarriage of Justice – As Ways to Overcome Procedural Bar

Whether a petitioner's claims are procedurally defaulted or procedurally barred, the way he may overcome these barriers is the same. First, he may overcome the procedural default or bar by showing cause for it – and actual prejudice from its application. To show cause, a petitioner must prove that an external impediment (one that could not be attributed to him) existed to prevent him from raising and discussing the claims as grounds for relief in state court. *See United States v. Flores*, 981 F.2d 231 (5th Cir. 1993). To establish prejudice, a petitioner must show that, but for the alleged error, the outcome of the proceeding would have been different. *Pickney v. Cain*, 337 F.3d 542 (5th Cir. 2003).

Even if a petitioner fails to establish cause for his default and prejudice from its application, he may still overcome a procedural default or bar by showing that application of the bar would result in a fundamental miscarriage of justice. To show that such a miscarriage of justice would occur, a petitioner must prove that, "as a factual matter, that he did not commit the crime of conviction." *Fairman v. Anderson,* 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain,* 53 F.3d 106, 108 (5th Cir. 1995)). Further, he must support his allegations with new, reliable evidence – that was not presented at trial – and must show that it was "more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Fairman,* 188 F.3d at 644 (citations omitted).

In this case, Mr. Strong never presented these claims to the Mississippi Supreme Court in a procedurally proper manner. As such, his claims are not properly before this court for federal *habeas corpus* review. *See* 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel,* 526 U.S. 838 (1999) (In order to satisfy the exhaustion requirement, the petitioner must present his claims to the state's highest court in

- 7 -

a procedurally proper manner to allow the state court a fair opportunity to consider those claims.) He can no longer meet the exhaustion requirement because he failed to timely appeal the denial of post-conviction collateral relief under Miss. R. App. P. 4(a) (notice of appeal must be filed within 30 days).

Mississippi appellate courts strictly and regularly follow the thirty-day procedural rule. *Martin v. Maxey*, 98 F.3d 844, 847 (5th Cir. 1996); *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995); *Hughes v. Johnson*, 191 F.3d 607, 614 (5th Cir. 1999). Both this court and our sister circuit in the Southern District hold that "Rule 4 has been consistently and repeatedly applied and enforced by the Mississippi courts and as such is an adequate and independent state ground [for applying the doctrine of procedural default.]" *See Griffin v. Fisher*, 4:16CV227-DMB-JMV, 2018 WL 7570458 (N.D. Miss. May 30, 2015) (unpublished) (citing *Waits v. King*, 3:13CV454-TSL-JCG, 2015 WL 5642916, at *4 (S.D. Miss. Sept. 24, 2015 (unpublished)). Mr. Strong has defaulted his claims in Grounds One and Two of the instant petition.

In addition, Mr. Strong may not file a second application for state post-conviction collateral relief. The trial court's decision denying a petitioner's motion for post-conviction relief is a final order. Hence, Strong is precluded by statute from filing a second, successive petition. *See* Miss. Code Ann. § 99-39-23(6)[5]; Miss. Code Ann. § 99-39-27(9); *see also Sneed v. State,* 722 So. 2d 1255, 1256 (Miss. 1998); *Buice v. State,* 751 So. 2d 1171 (Miss. Ct. App. 1999), *reh'g denied,* Feb. 8, 2000. For these reasons, a second motion for post-conviction relief would be dismissed as procedurally barred. "If a petitioner fails to exhaust state remedies, but the court to which he would be required to return to meet the exhaustion requirement would now find the claim procedurally barred, then there has been a

---

[5] Miss. Code Ann. § 99-39-23(6) provides in pertinent part: "The order . . . dismissing the prisoner's motion or otherwise denying relief under this chapter is a final judgment and shall be conclusive until reversed. It shall be a bar to a second or successive motion under this chapter."

procedural default for purposes of federal *habeas corpus* relief." *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001). When state remedies are rendered unavailable by the petitioner's own procedural default, federal courts are barred from reviewing those claims. *Sones v. Hargett*, *supra*; *see also Magouirk v. Phillips*, 144 F.3d 348, 360 (5th Cir. 1998).

Mr. Strong cannot show "cause" under the "cause and prejudice" test to allow the court to decide the merits of the claims, despite the procedural default, as he has not shown that an external impediment existed to prevent him from filing a timely notice of appeal. *United States v. Flores*, 981 F.2d 231 (5th Cir. 1993). He has not shown that something external to him – outside of his control – prevented him from seeking an appeal in a timely fashion. *Coleman*, 501 U.S. at 753. Finally, Mr. Strong has not shown that a fundamental miscarriage of justice would result if the court applies the default because he has not shown, with new reliable evidence that, as a factual matter, he did not commit the crime of his conviction. *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (citing *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). As such, Mr. Strong cannot overcome the procedural default, which the court must apply under the facts of this case.

## Conclusion

For the reasons set forth above, the instant petition for a writ of *habeas corpus* will be dismissed under the doctrine of procedural default. A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 26th day of June, 2020.

/s/ Sharion Aycock
UNITED STATES DISTRICT JUDGE